**Carmelo CANDIANO, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC., Defendant and Third-Party Plaintiff,**

v.

**JOHN W. McGRATH CORPORATION, Third-Party Defendant.**

No. 63 Civ. 322.

United States District Court
S. D. New York.

July 19, 1968.

See also 2 Cir., 382 F.2d 961.

Max D. Krongold, New York City, for plaintiff; Ezekiel Jasper, New York City, of counsel.

Joseph F. McGoldrick, New York City, for defendant; McHugh & Leonard and Martin J. McHugh, New York City, of counsel.

METZNER, District Judge.

Defendant brings this motion pursuant to Fed.R.Civ.P. 60(b) to be relieved of a judgment on the grounds that it has been satisfied. The essence of the argument is that so much of plaintiff's recovery for which payment was previously made pursuant to workmen's compensation, and for which his employer has a lien, should not be subject to post-judgment interest. The judgment, except for this item of interest, has been paid.

Plaintiff, a longshoreman, instituted suit against defendant, Moore-McCormack Lines, Inc., to recover damages for personal injuries. As is usual in these cases, the latter asserted a third party claim against plaintiff's employer for indemnity. Plaintiff recovered a judgment after trial against the defendant, who in turn recovered over against the third party defendant. Subsequently, the third party defendant assumed the burden of the appeal by defendant from the judgment, and its counsel was substituted as counsel for Moore-McCormack. The judgment was affirmed on appeal and an application for a writ of certiorari was denied.

The plaintiff's recovery was subject to a compensation lien. The defendant

claims that the amount of this lien should not bear post-judgment interest since plaintiff received that money long before the award of damages after trial.

Plaintiff's claim was against Moore-McCormack. His recovery includes all items of damage properly proven and this includes medical services and lost wages. The fact that he received part of that money from the compensation carrier and thus must repay it out of the recovery is no concern of the defendant. If defendant's contention is correct, then any defendant in a personal injury action against whom a judgment was entered would not be liable for interest on medical and hospital payments made to a plaintiff under a personal health insurance policy, even though the premiums were paid by the plaintiff.

On the other hand, the plaintiff who was uninsured and paid his medical and hospital bills would be entitled to interest. This is an incongruous result which cannot be sanctioned. If a defendant delays the entry of final judgment by unsuccessful appeals, interest must be added for this delay.

This motion, while brought in the name of the defendant, is really prosecuted by the third party defendant, in view of the indemnity relationship. This does not change the result, even though such party, as employer, paid the premiums. Plaintiff's rights are unaffected by the fact that Moore-McCormack sought indemnity from his employer. Plaintiff's claim is independent of defendant's third party action.

Motion denied. So ordered.